IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2011

**GREGORY C. LANGHAM**
**CLERK**

Civil Action No. 10-cv-03139-BNB

VANCE MARTIN,

       Plaintiff,

v.

ARISTEDES W. ZAVARAS, Ex. Director, DOC,
JAMES LANDER, FCF/SOTMP Coordinator,
BURL McCULLAR, SOTMP Program Manager, and
ANTHONY A. DeCESARO, Grievance Officer, DOC,

       Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Vance Martin, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Martin has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming that his constitutional right to equal protection has been violated. He seeks damages as well as declaratory and injunctive relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Martin is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*,

490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint in part as legally frivolous.

The Court must construe the complaint liberally because Mr. Martin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Martin alleges that he is a convicted sex offender serving a determinate sentence of eighteen years in prison. He further alleges that he is required to participate in mandatory sex offender treatment under Colorado law and that he has been on a wait list for admission into the DOC sex offender treatment program since April 2004. According to Mr. Martin, Administrative Regulation 700-19 ("AR 700-19"), which was adopted by the DOC in April 2009, has eliminated any reasonable chance that he will be admitted into the sex offender treatment program because AR 700-19 gives priority for admission to convicted sex offenders who are serving indeterminate sentences.

Mr. Martin asserts one claim in this action arguing that his right to equal protection is being violated because the DOC is making an irrational distinction between convicted sex offenders who are serving determinate sentences and convicted sex offenders who are serving indeterminate sentences. The named Defendants are DOC

2

Executive Director Aristedes W. Zavaras and three individuals, James Lander, Burl McCullar, and Anthony A. DeCesaro, who denied Mr. Martin's administrative grievances challenging his inability to gain admission into the DOC sex offender treatment program. The Court will address in this order only Mr. Martin's claim against Defendants Lander, McCullar, and DeCesaro.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Martin must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

The fact that Defendants Lander, McCullar, and DeCesaro rejected Mr. Martin's administrative grievances challenging his inability to gain admission into the DOC sex offender treatment program does not demonstrate personal participation in the underlying action that gave rise to the grievances. *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007). Mr. Martin alleges that Defendant Zavaras is responsible for issuing AR 700-19, the administrative regulation that allegedly violates his rights. Therefore, to the extent Mr. Martin is asserting his equal protection claim against Defendants Lander, McCullar, and DeCesaro, the claim is legally frivolous and must be dismissed.

The Court will not address at this time the merits of Mr. Martin's equal protection

claim against Defendant Zavaras. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that the equal protection claim asserted against Defendants James Lander, Burl McCullar, and Anthony A. DeCesaro is dismissed as legally frivolous. It is

FURTHER ORDERED that Defendants James Lander, Burl McCullar, and Anthony A. DeCesaro are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __11th__ day of ___February_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-03139-BNB

Vance E Martin
Prisoner No.  93605
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 11, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
              Deputy Clerk