IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03139-RBJ-CBS

VANCE MARTIN,
    Plaintiff,
v.

TOM CLEMENTS,
    Defendant.[1]
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendant Clements' "Motion to Dismiss" (filed August 17, 2011) (Doc. # 23).  Pursuant to the Order of Reference dated March 8, 2011 (Doc. # 9) and the memorandum dated August 31, 2011 (Doc. # 25), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Martin's Response (filed September 27, 2011 ) (Doc. # 27), Mr. Clements' Reply (filed October 6, 2011) (Doc. # 31), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Martin is currently incarcerated at the Colorado Department of Corrections ("CDOC") Fremont Correctional Facility in Cañon City, Colorado.  (*See* Complaint (Doc. # 1) at 2 of 29).

> Mr. Martin alleges that he is a convicted sex offender serving a determinate sentence of eighteen years in prison.  He further alleges that

---

[1]    On June 24, 2011, Defendant Tom Clements, Executive Director of the Colorado Department of Corrections, was substituted for Defendant Aristedes Zavaras, former Executive Director of the Colorado Department of Corrections.  (*See* Doc. # 19).  The court dismissed three other Defendants from this action on February 11, 2011.  (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (Doc. # 5)).

> he is required to participate in mandatory sex offender treatment under Colorado law and that he has been on a wait list for admission into the DOC sex offender treatment program since April 2004.  According to Mr. Martin, Administrative Regulation 700-19 ("AR 700-19"), which was adopted by the DOC in April 2009, has eliminated any reasonable chance that he will be admitted into the sex offender treatment program because AR 700-19 gives priority for admission to convicted sex offenders who are serving indeterminate sentences.
>      Mr. Martin asserts one claim in this action arguing that his right to equal protection is being violated because the DOC is making an irrational distinction between convicted sex offenders who are serving determinate sentences and convicted sex offenders who are serving indeterminate sentences.

(*See* Doc. # 5).  Mr. Martin alleges pursuant to 42 U.S.C. § 1983 that he has been denied his right to equal protection based on the promulgation of AR 700-19, which provides that inmates with indeterminate sentences be given the highest priority for the Sex Offender Treatment and Monitoring Program ("SOTMP").  Mr. Martin seeks declaratory and injunctive relief, and nominal, compensatory, and punitive damages. (*See* Doc. # 1 at 12 of 29).  Mr. Clements moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

II.   Standard of Review

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.

Because Mr. Martin appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007)

(citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.     Analysis

Section 1983 creates a cause of action where a  "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution."  Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).  *See also Southern Disposal, Inc. v. Texas Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) ("In order to successfully state a cause of action under section 1983, [Mr. Martin] must allege . . . the deprivation of a federal right. . . .") (internal quotation marks and citation omitted).  To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

The Fourteenth Amendment of the U.S. Constitution prohibits any state from depriving a person of life, liberty, or property without due process of law. The Equal Protection Clause of the Fourteenth Amendment requires that no state deny any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV. The fundamental guarantee of the Equal Protection Clause is that "all persons similarly situated shall be treated alike." *City of Cleburne Texas v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). The Equal Protection Clause does not forbid classifications, but simply prevents government decision makers from treating differently persons who are in all relevant respects alike. *Juarez v. Renico,* 149 F. Supp. 2d 319, 324 ( E.D. Mich. 2001). To properly allege an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). *See also Harris v. McRae*, 448 U.S. 297, 323 n. 26 (1980) (the challenged disparate treatment must be the result of purposeful discrimination); *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000) ("To state a prima facie claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that (1) he is otherwise similarly situated to members of the unprotected class; (2) he was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent.").

AR 700-19 provides:

1. To the extent resources permit, offenders may be prioritized for treatment based upon, but not limited to, sentence type, parole eligibility date, appropriate institutional behavior and placement, and prior SOTMP treatment opportunities.

    Due to limited resources, offenders should be placed in treatment according to the following guidelines in priority order:

    a. Lifetime supervision sentenced offenders that are within four years of their parole eligibility date.

>   b.   Traditional determinate sentenced offenders with active judicial determinations of a sex crime that are within four years of their parole eligibility date.
>   c.   Offenders with unadjudicated sex abuse allegations that were classified as a sex offender based upon an active DOC sentence that is within four years of their parole eligibility date.
>   d.   Offenders evaluated as having a continuing treatment need, with sexual violence needs classification of S5, S4, or S3 based upon inactive sentences.
>   e.   Offenders with unadjudicated sex abuse allegation(s) that require the classification review process.
>
>   Offenders that have not had an opportunity to participate in treatment will have priority over an offender that has had an opportunity and did not take advantage of that opportunity. These offenders may not be placed back upon a waiting list until a prescribed amount of time has passed.

(*See* Doc. # 1 at 22-23 of 29).  Mr. Martin alleges that he is serving a determinate sentence of eighteen years after pleading guilty to a sex offense.  He alleges that he is similarly situated to inmates sentenced under the Sex Offender Lifetime Supervision Act of 1998 ("SOLSA") to lifetime supervision sentences.  Thus, Mr. Martin claims his equal protection rights are being violated because offenders with lifetime supervision sentences are prioritized on the SOTMP waiting list and he is therefore not afforded the same opportunity to participate in the SOTMP.

SOLSA provides that "[e]ach sex offender sentenced pursuant to this section shall be required as a part of the sentence to undergo treatment to the extent appropriate pursuant to 16-11.7-105, C.R.S."  Colo. Rev. Stat. § 18-1.3-1004(3).  Sex offender treatment is mandatory for inmates sentenced under SOLSA.  *See* Colo. Rev. Stat. §§ 18-1.3-1001, 1004(3).  In *Beebe v. Heil*, the District Court held that an inmate sentenced under SOLSA had a "liberty interest in being afforded a due process hearing before being dismissed from treatment" because consideration for parole was dependent on his progress in mandatory treatment.  333 F. Supp. 2d 1011, 1014 (D. Colo. 2004).

Mr. Martin has not adequately alleged that he was treated differently than any

similarly situated inmates.  *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1988) ("In order to assert a viable equal protection claim, [Mr. Martin] must first make a threshold showing that [he was] treated differently from others who were similarly situated to [him]."); *Jennings v. City of Stillwater*, 383 F.3d 1199, 1215 (10th Cir. 2004) (plaintiff bears the burden of proof on this issue). "Absent a threshold showing that [he] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994).  Mr. Martin was not sentenced under SOLSA and is therefore not statutorily mandated to undergo sex offender treatment as part of his sentence.  He is not evaluated for "successful progression" in sex offender treatment before he can be released from prison on parole.  *See* Colo. Rev. Stat. § 18-1.3-1006.  His sentence and consideration for parole is not "inextricably linked" to sex offender treatment, as it is for CDOC inmates sentenced under SOLSA.  *See Beebe*, 333 F. Supp. 2d at 1016 (citation omitted).  Mr. Martin is not similarly situated to inmates serving indeterminate sentences.  *See, e.g., Alley v. Carey*, 408 F. App'x 11, at * 2 (9th Cir. Nov. 5, 2010) (prisoner serving indeterminate sentence not comparable to prisoners serving determinate sentences) (citations omitted); *Gerber v. Hickman*, 291 F.3d 617, 623 (9th Cir. 2002) (*en banc*) (holding that Equal Protection claim by prisoner lacked merit where groups being compared were not similarly situated)); *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991) ("There is no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system."); *Prevard v. Fauver*, 47 F. Supp. 2d 539, 544-45 (D.N.J. 1999) (defendants serving indeterminate sentences under former New Jersey Sex Offender Act were not members of same class as, nor were they similarly situated to, persons serving determinate sentences under new criminal code, and therefore, disparity in entitlement to commutation credits for good

behavior and work performed did not violate equal protection); *State ex rel. Kost v. Erickson*, 353 N.W 2d 237, 240 (Minn App. 1984) (Appellant has not been denied his Fourteenth Amendment right to Equal Protection by virtue of the fact that earned good time is applied differently for inmates serving a determinate sentence than those serving an indeterminate sentence).[2]  An equal protection claim is entirely conclusory and without merit where a plaintiff fails to allege facts that he was treated differently than those similarly situated.  *Cosco v. Uphoff*, 195 F.3d 1221, 1222 (10th Cir. 1999). For this reason, Mr. Martin fails to state an equal protection claim.

Neither does Mr. Martin allege that Defendant acted based upon a discriminatory intent or motive.  *See Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1996) ("A plaintiff in an equal protection action has the burden of demonstrating discriminatory intent") (citations omitted);  *Villanueva v. Carere*, 85 F.3d, 481, 485 (10th Cir. 1996) (Although "[t]he discriminatory purpose need not be the only purpose, . . . it must be a motivating factor in the decision").  *See also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.") (citations omitted).

Nor does Mr. Martin allege that he is a member of a suspect class.  (*See* Response (Doc. # 27) at 5 of 13).  "[A]bsent an allegation of a suspect classification," the court's "review of prison officials' differing treatment of various inmates is quite deferential: in order to withstand and an equal protection challenge, those classifications must be reasonably related to a legitimate penological purpose."  *Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004) (citation omitted).  Constitutionality is presumed and Mr. Martin bears the burden of establishing irrationality or arbitrariness.

---

[2]  Copies of unpublished decisions cited are attached to this Recommendation.

*United States v. Phelps*, 17 F.3d 1334, 1344-45 (10th Cir. 1994). Even intentionally disparate treatment of similarly situated inmates is acceptable under the Equal Protection Clause if there is any rational basis for the practice. *See Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir.1995) ("[w]hen the plaintiff is not a member of a protected class and does not assert a fundamental right, we determine only whether government classifications have a rational basis"); *Vasquez v. Cooper*, 862 F.2d 250, 251-52 (10th Cir. 1988) ("Unless it provokes strict judicial scrutiny, a state practice that distinguishes among classes of people will typically survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose."). Offenders sentenced under the SOLSA cannot be considered for parole, and thus released from prison, unless they serve the minimum period of incarceration specified by their indeterminate sentences, successfully progress in treatment, and would not pose an undue threat to the community if released under appropriate treatment and monitoring requirements. Mr. Martin is serving a determinate sentence and will be released irrespective of his progress in treatment. Neither Colo. Rev. Stat. § 16-11.7-105 nor AR 700–19 mandate that sex offender treatment be completed prior to the sex offender's minimum period of incarceration. Even if Mr. Martin does not receive treatment during his incarceration, treatment may be required as a condition of any parole period, "to the extent appropriate." *See* Colo. Rev. Stat. § 16-11.7-105 (2). The differences in determinate and indeterminate sentences justify the different treatment of inmates for equal protection purposes. Mr. Martin's "claim that there are no relevant differences between him and" inmates serving indeterminate sentences "that reasonably might account for their different treatment is not plausible or arguable." *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (because classification decisions are within the discretion of CDOC officials, it "is not plausible or arguable" that there are no relevant differences between inmates which might account for their

difference in treatment); *Rounds v. Fisher*, 316 F. App'x 679, 679-80 (9th Cir. 2009) ("district court properly dismissed . . . equal protection claim because California has a legitimate penological interest that is furthered by distinguishing, for purposes of parole, between prisoners with determinate and indeterminate sentences"). For these reasons also, Mr. Martin fails to state a claim for violation of his equal protection rights.[3]

Accordingly, IT IS RECOMMENDED that Defendant Clements' "Motion to Dismiss" (filed August 17, 2011) (Doc. # 23) be GRANTED and this civil action be dismissed for failure to state a claim upon which relief can be granted. Because the legal deficiencies in Mr. Martin's pleading cannot be cured by amendment, the court recommends that this civil action be dismissed with prejudice.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for

---

[3] To the extent that Mr. Martin alleges that Defendant violated state law and prison administrative regulations, "failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)). *See also Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim under § 1983.") (citations omitted); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process. . . ."). Mr. Martin may not prevail on a § 1983 claim based on an alleged violation of state law or administrative regulations.

appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    DATED at Denver, Colorado, this 28th day of November, 2011.

                                 BY THE COURT:

                                 s/ Craig B. Shaffer
                                 United States Magistrate Judge